## Leslie R. Harsha v. Albert Babicx, by His Next Friend, Joseph Babicx.

1. INSTRUCTIONS—*A Master as Insurer for Absolute Safety.*—In an action for personal injuries, the contest being over the construction of a pulley, it is proper to instruct the jury that the defendant is not bound as an insurer for the absolute safety and suitability of the machinery and appliances furnished by him for use in his business. He is not bound to furnish the very best or most approved kind of machinery to be used in his factory. It is sufficient if the machine and the pulleys and appliances connected with the same are reasonably safe and suitable for the purpose for which they were used.

MR. JUSTICE SHEPARD, dissenting.

**Memorandum.**—Action for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the March term, 1894. Reversed and remanded. Opinion filed April 19, 1894.

The opinion states the case.

Meek & Trowbridge, attorneys for appellant.

Gibbons, Kavanagh & O'Donnell, attorneys for appellee.

Mr. Justice Waterman delivered the opinion of the Court.

This was an action to recover damages sustained by the plaintiff, a minor, over fourteen years of age, from certain machinery operated by the defendant, the plaintiff being at the time in the appellant's employment.

Evidence was introduced tending to show that a certain pulley was defective or out of order, and that in consequence thereof the plaintiff was injured.

The defendant denied that the pulley was defective or out of order.

Under these circumstances the defendant asked for the following instruction:

" The jury are instructed that the defendant was not bound as an insurer for the absolute safety and suitability of the machinery and appliances furnished by him for use in his business, and that he was not bound to furnish the very best or most improved kind of machinery to be used in his factory. It was sufficient if the machine and the pulleys and appliances connected with the same were reasonably safe and suitable for the purpose for which they were used."

This the court refused to give, but in its stead gave the following:

" The jury are instructed that the defendant was not bound, as an insurer, for the absolute safety and suitability of the machinery and appliances furnished by him for use in his business, and that he was not bound to furnish the very best or most approved kind of machinery to be used in his factory. It was sufficient to prevent a recovery in this case if the machine and pulleys and appliances connected with the same were reasonably safe and suitable for the purpose for which they were used, if you believe that is shown by a preponderance of the evidence, and you should also

believe from the evidence that the plaintiff was sufficiently instructed by the defendant's foreman so as to enable the plaintiff to avoid danger from the machinery, if you believe from the evidence said machinery was dangerous, and the injury complained of was caused by reason of plaintiff's disregard of such instruction."

The instruction for which the defendant asked should have been given. Nothing equivalent thereto was given, and for the error in this regard the judgment must be reversed and the cause remanded.

MR. JUSTICE SHEPARD dissents.